IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:11-CR-364-H

HORTENCIA AGUIRRE-VERDUZCO, )
)
    Petitioner, )
)
v. ) **ORDER**
)
)
UNITED STATES OF AMERICA, )
)
    Respondent. )

This matter is before the court on petitioner's motion to vacate pursuant to 28 U.S.C. § 2255, filed July 5, 2012. The government has responded, petitioner has replied, and an evidentiary hearing was conducted in this matter on August 17, 2012.

### BACKGROUND

Petitioner is a native and citizen of Mexico. In February 1992, petitioner entered the United States on a tourist visa. Petitioner remained in the United States following the expiration of her visa and in 1994 applied for asylum. In connection with her application for asylum, petitioner stated that she was a native and citizen of Guatemala. She also produced a Guatemalan birth certificate and identification card.

In August 2003, petitioner's application for asylum was granted. Approximately three years later, petitioner sought adjustment of her status to that of a lawful permanent resident, again stating that she was a native and citizen of Guatemala. On May 29, 2007, petitioner's application was approved and petitioner was granted lawful permanent residence in the United States.

On August 22, 2011, agents from Immigration and Customs Enforcement ("ICE") and the Drug Enforcement Agency executed a search warrant at petitioner's home in Morrisville, North Carolina. During the search, agents found a .25 caliber Taurus handgun, which petitioner admitted was hers. Subsequent investigation by the government has revealed that petitioner obtained a valid North Carolina handgun permit prior to purchasing the weapon.

On October 31, 2011, petitioner was arrested pursuant to a criminal complaint charging her with making a false statement in connection with her application for lawful permanent residence. Petitioner retained Walter A. Schmidlin, III, to represent her in the case. On January 5, 2012, petitioner pled guilty to possession of a firearm by an alien illegally or unlawfully in the United States, in violation of 18 U.S.C. § 922(g)(5)(A), pursuant to a criminal information filed December 5, 2011.

On April 10, 2012, petitioner came before the court for sentencing in this matter. At that time, the court was concerned about petitioner's plea because petitioner had previously been granted lawful permanent residence. Based upon petitioner's immigration status, the lack of any prior criminal history and the fact that petitioner is a single mother with a child who needs her attention, the court granted petitioner's request for a variance and sentenced petitioner to five months' imprisonment and one year of supervised release. Because petitioner had already served the active term of her sentence during pretrial detention, petitioner was transferred immediately to ICE custody pursuant to a detainer.

On April 11, 2012, ICE filed a Notice to Appear, initiating removal proceedings against petitioner. The government alleged that petitioner was removable based upon her § 922(g) firearm offense and for misrepresentation on an immigration application. On May 8, 2012, the Immigration Judge ordered petitioner's removal from the United States. Petitioner has appealed the removal order to the Board of Immigration Appeals, triggering an automatic stay of the removal order.

Petitioner filed the motion presently before the court on July 5, 2012, contending that her conviction and sentence should be vacated due to ineffective assistance of counsel. Specifically, petitioner asserts that counsel advised her to

plead guilty to possession of a firearm by an alien illegally or unlawfully in the United States when she could not have committed the offense because she was a lawful permanent resident at the time.

**DISCUSSION**

At the hearing of this matter, it became clear to the court that the crux of petitioner's claim is not ineffective assistance of counsel, but rather actual innocence. Thus, the precise question before the court is whether petitioner, at the time she possessed the firearm, was an alien illegally or unlawfully in the United States. The government responds affirmatively, arguing that petitioner's status as a lawful permanent resident is void ab initio due to her fraudulent procurement of that status. Petitioner, on the other hand, contends that she possessed the firearm lawfully, as she was a lawful permanent resident whose authorization to live and work in the United States had not been rescinded.

Whether an alien is lawfully in the United States depends on whether his presence is authorized or not. United States v. Atandi, 376 F.3d 1186 (10th Cir. 2004); United States v. Hernandez, 913 F.2d 1506 (10th Cir. 1990); see also United States v. Orellana, 405 F.3d 360 (5th Cir. 2005) (holding that an alien is "illegally or unlawfully in the United States" for purposes of § 922(g)(5)(A) if his presence is "forbidden or not

4

authorized by law"). Authorization is determined as of the date of the firearm possession. An alien who enters the country legally under a nonimmigrant visa (e.g., student visa) is authorized to be in the country only for the duration of his or her status. Atandi, 376 F.3d at 1188. If he fails to maintain his status, he is no longer lawfully in the United States and, therefore, may not possess a firearm. Id. Likewise, an alien who overstays a tourist visa is not lawfully in the United States, even if he is under bond awaiting deportation proceedings. United States v. Cammock, 29 F.3d 623 (5th Cir. 1994). On the other hand, an alien who enters the United States illegally but whose status is subsequently adjusted dwto that of a legal immigrant is lawfully in the United States for purposes of § 922(g)(5)(A). Cf. Orellana, 405 F.3d 360 (applying rule of lenity and holding that illegal alien granted temporary protected status not subject to prosecution for violation of § 922(g)(5)(A)).

Title 27, Code of Federal Regulations, Section 478.11 further defines "alien illegally or unlawfully in the United States" as follows:

> Aliens who are unlawfully in the United States are not in valid immigrant, nonimmigrant or parole status. The term includes any alien –
>
> (a) Who unlawfully entered the United States without inspection and authorization by an immigration officer and who has not been paroled into the United

5

States under section 212(d)(5) of the Immigration and Nationality Act (INA);

(b) Who is a nonimmigrant and whose authorized period of stay has expired or who has violated the terms of the nonimmigrant category in which he or she was admitted;

(c) Paroled under INA section 212(d)(5) whose authorized period of parole has expired or whose parole status has been terminated; or

(d) Under an order of deportation, exclusion, or removal, or under an order to depart the United States voluntarily, whether or not he or she has left the United States.

27 C.F.R. § 478.11

Although petitioner was not lawfully in the United States when she overstayed her tourist visa, she was granted asylum in 2003 and lawful permanent residence in 2007. Petitioner has remained in the United States as a legal immigrant since that time. At no point has the government exercised its authority to rescind her status as a lawful permanent resident. See 8 U.S.C. § 1256(a) (authorizing Attorney General to rescind immigration status within five years of adjustment if it appears that alien was not eligible for adjustment of status). Nor did the government take any action to remove petitioner from the United States prior to her possession of the firearm.

While the court acknowledges that petitioner's status as a legal immigrant may have been procured through fraud or misrepresentation, the court finds no legal basis to support the

6

government's argument that petitioner's status as a lawful permanent resident is void ab initio. As a consequence, the court concludes that petitioner was lawfully in the United States at the time she possessed the firearm on August 22, 2011. Because petitioner was not, as a matter of law, "illegally or unlawfully" in the country at the time she possessed the firearm, petitioner is actually innocent of the offense of which she was convicted. There being no other offenses with which petitioner was charged, petitioner has demonstrated that she is entitled to relief from her conviction. See United States v. Bousley, 523 U.S. 614 (1998).

## CONCLUSION

For the foregoing reasons, the court GRANTS petitioner's motion to vacate [DE #36] this court's judgment entered April 10, 2012, and ORDERS that petitioner be discharged forthwith from the custody of the Federal Bureau of Prisons.

This 22nd day of August 2012.

_____
MALCOLM J. HOWARD
Senior United States District Judge

At Greenville, NC
#31