IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-CR-364-1H
No. 5:12-CV-410-H

HORTENCIA AGUIRRE-VERDUZCO,   )
                              )
    Petitioner,                )
                              )
                              )
    v.                         )   **ORDER**
                              )
                              )
UNITED STATES OF AMERICA,     )
                              )
    Respondent.                )

This matter is before the court on the government's motion, pursuant to Rule 59 of the Federal Rules of Civil Procedure, for reconsideration of this court's August 22, 2012, order granting petitioner's motion to vacate pursuant to 28 U.S.C. § 2255. Alternatively, the government moves the court to stay its order pending the government's appeal. Petitioner has responded, the government has not replied, and the time for further filings has expired. For the reasons set forth below, the court DENIES the government's motion [DE #53].

Courts have generally recognized three grounds for altering or amending judgments. See Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993). Specifically, courts will alter or amend an earlier judgment: (1) to accommodate an intervening change in

controlling law; (2) to account for new evidence not previously available; or (3) to correct a clear error of law or prevent manifest injustice.  Id.  Rule 59 may not be used "to raise arguments which could have been raised prior to the issuance of the judgment, nor may [it] be used to argue a case under a novel legal theory that the party had the ability to address in the first instance."  See Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998).

The government does not argue there has been an intervening change of law or that there exists new evidence not previously available.  Instead, the government appears to argue that relief is required to correct a clear error of law or prevent manifest injustice.  Specifically, the government contends:

> [I]t was improper for the Court to have granted [the] petition on the basis of actual innocence without conducting a factual inquiry into whether [petitioner] had received unconstitutionally ineffective assistance of counsel and without inquiring into whether [petitioner] was actually innocent of the more serious charge forgone by the United States in exchange for her agreement to plead guilty to § 922(g)(5).

(Mem. Supp. Mot. Reconsider at 6.)

At the heart of the government's argument is the doctrine of procedural default as applied to § 2255 proceedings – that § 2255 may not be used to litigate, for the first time, claims that could have been raised earlier in the proceedings but were not.  Procedurally defaulted claims can nevertheless be reviewed

2

on federal habeas review if the petitioner demonstrates "cause and prejudice" or shows that he is "actually innocent" of the charges against him. Murray v. Carrier, 477 U.S. 478, 485 (1986). "To establish actual innocence, [a] petitioner must demonstrate that, 'in light of all the evidence,' 'it is more likely than not that no reasonable juror would have convicted him.'" Bousley v. United States, 523 U.S. 614, 623 (1998) (quoting Schlup v. Delo, 513 U.S. 298, 327-28 (1995)) (internal quotation marks omitted). Because "actual innocence" means factual innocence (not mere legal insufficiency), "the Government is not limited to the existing record to rebut any showing that petitioner might make." Id. at 623-24. Rather, the government may present *any* admissible evidence of a petitioner's guilt, including evidence that the petitioner is guilty of more serious charges forgone during the course of plea bargaining. Id. at 624.

In this case, it was not necessary for the court to determine whether petitioner had shown cause and prejudice as a result of deficient legal representation. Petitioner sufficiently pled and made a gateway showing of actual innocence to overcome her procedural default. The government's argument that the court erred in failing to inquire into the

3

effectiveness of petitioner's counsel is, therefore, without merit.

Similarly unavailing is the government's argument that the court failed to "inquir[e] into whether [petitioner] was actually innocent of the more serious charge forgone by the United States in exchange for her agreement to plead guilty to § 922(g)(5)." The record in this case is completely devoid of any evidence of charges forgone by the United States in the plea bargaining process. Petitioner's conviction was obtained on a plea of guilty to a bill of information. The grand jury never issued an indictment charging petitioner with § 922(g)(5) or any other offense. Moreover, the court held an evidentiary hearing on petitioner's claim on August 17, 2012, at which the government was free to present evidence of the parties' plea discussions. While the government presented evidence as to petitioner's alleged wrongdoing, at no point did the government call either the prosecutor or defense attorney to testify concerning the plea negotiations, nor did it present any other evidence to support a finding that the government had forgone other charges during the course of the plea negotiations. The government is a day late and a dollar short in its attempt to do so now.

4

The government has also failed to make any showing to support its request to stay the court's August 22, 2012, order pending appeal. Accordingly, the court denies the government's request.

## CONCLUSION

Finding no reason to alter or amend its judgment in this matter, the government's motion for reconsideration [DE #53] is DENIED, and the court's August 22, 2012 judgment vacating petitioner's conviction is hereby reaffirmed. The court further DENIES the government's motion to stay the court's order pending the government's appeal.

This 15th day of October 2012.

_____
MALCOLM J. HOWARD
Senior United States District Judge

At Greenville, NC
#31